JOAQUÍN LABOY and/or RITA DELGADO, Petitioners, *v.* SUPERIOR COURT OF PUERTO RICO, PONCE PART, ANTONIO J. MATTA, JUDGE, Respondent.

No. O-67-80.     Decided June 11, 1969.

*Guillermo S. Pierluisi* and *Walter Pierluisi* for petitioners. *Eddie Gaud* and *Jorge López Ramírez* for the Planning Board.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

PER CURIAM: We are concerned here with a petition for an injunction presented by the Planning Board against the defendants requesting that they be ordered to demolish a 9'7" by 37' structure made of concrete and blocks, zinc roofed, constructed by them in violation of the Planning Laws and Regulations. The Board brought action through the Department of Justice in accordance with the provisions of § 4 of Act No. 429 of April 23, 1946, as amended, 23 L.P.R.A. § 35, which reads as follows:

"The Puerto Rico Planning Board is hereby expressly authorized to bring, through the Department of Justice, the proper legal action to prevent, prohibit, annul, vacate, or remove any building constructed, used or maintained in violation of these sections 24, 27, 28, and 31–42 of this title, and/or the Regulations governing the construction and use of buildings or premises in Puerto Rico."

In this petition it is assigned as an error that the trial court abused its discretion in granting a Motion to Object to Interrogatories submitted by the Board, by way of its Order of February 28, 1967, which reads thus:

"The Motion filed by the plaintiff having been examined, and for the merits set forth therein, the same is granted and consequently, the setting of the hearing of the case on its merits for March 7, 1967 is maintained in full force and effect.

"Defendant is hereby notified that said setting for the hearing on the merits will not be continued. Ponce, Puerto Rico, February 28, 1967."

Considering that the original complaint in this case was filed on August 12, 1965; that before the interrogatory in question herein the defendants had presented two other in-

terrogatories, one on February 28, 1966 and another on March 21, 1966; that the hearing of the case on the merits having been set for June 16, 1966, the attorneys of the parties appeared that day and they met the Judge in chambers for a conference prior to the trial and that "as a result thereof they have reached a compromise agreement," as it appears from the Minutes of that day; that the court granted the parties 10 days in order to present in writing the stipulation and a proposed judgment; that six months later, on December 12, 1966, the Board requested that the case be heard because "the defendant had not communicated with his attorney in order to sign the stipulation agreed upon despite having been invited in writing to do so"; that the court set the hearing of the case once more for January 17, 1967; that this third interrogatory was notified on February 13, 1967; that the court set the case again for March 7, 1967; that the Order challenged herein was entered on February 28, 1967; that the defendant-petitioner filed his petition for certiorari in this Court on March 6, 1967, staying thus the proceedings in the trial court which had commenced on August 12, 1965; that the foregoing and other incidents which would be tedious to relate herein represent a situation of delay of the proceedings; we decide that the trial court did not abuse its discretion in entering its Order of February 28, 1967.

In view of the foregoing the writ issued will be quashed and the case remanded to the trial court in order to continue the proceedings.